UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| RAUL CERVANTES,<br><br>    Plaintiff,<br><br>    v.<br><br>BURCIAGA, et al.,<br><br>    Defendants. | Case No. 19-cv-06318-RMI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 2 |

Plaintiff, a state prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The court granted his motion for leave to proceed *in forma pauperis*. (Dkt. 15).

## DISCUSSION

**Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although, in order to state

a claim, a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Legal Claims**

Plaintiff has submitted several filings with a wide variety of claims. It is not clear what claims Plaintiff wishes to make, and thus, the complaint is dismissed with leave to amend to provide more information and a clearer recitation of the allegations. Plaintiff's most recent filing (dkt. 12) appears to concern the percentage of funds being taken out of Plaintiff's prison trust account for court filings. Plaintiff names as defendants a correctional officer and a deputy attorney general who were involved in a prior lawsuit.

Plaintiff is informed that "the Supreme Court has determined that certain government officials require absolute immunity from liability in order to enable them to function independently and effectively, without fear of intimidation or harassment. Accordingly, the Court has granted absolute immunity to . . . judges, prosecutors, . . . and officials performing quasijudicial functions." *Fry v. Melaragno*, 939 F.2d 832, 835-36 (9th Cir. 1991) (internal quotation marks, citations, and footnote omitted). When sued in official and individual capacities,

2

the Ninth Circuit has held that an attorney general or deputy attorney general has absolute immunity, except they "are not immune from any actions that are wholly unrelated to or outside of their official duties." *Bly–Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001); *see also Fry*, 939 F.2d at 837 (government lawyers are absolutely immune for actions "intimately" or "closely" associated with judicial process). "Whether the government attorney is representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or agency hearing, absolute immunity is necessary to assure that . . . advocates . . . can perform their respective functions without harassment or intimidation." *Id.* (citation omitted).

The complaint is dismissed with leave to amend for Plaintiff to present his allegations in one filing. He must identify specific defendants and describe how they violated his constitutional rights. If Plaintiff seeks relief against the deputy attorney general, he must demonstrate why immunity does not apply and how the claim regarding his prison trust account presents a federal claim. Plaintiff should also describe where the alleged incidents occurred. If these events occurred while Plaintiff has been incarcerated in California State Prison Los Angeles, then this action will be transferred.

## CONCLUSION

Plaintiff's motion for an extension (dkt. 2) is **DENIED**. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include all the claims he wishes to present in it. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case.

Additionally, it is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk titled "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 13, 2019

                                              ROBERT M. ILLMAN
                                              United States Magistrate Judge